UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. PERRY, | No. C-12-03534 DMR |
| Plaintiff, | No. 13-15538, United States Court of Appeals for the Ninth Circuit |
| v. | **ORDER DENYING *IN FORMA*** |
| UNITED STATES OF AMERICA, ET AL., | ***PAUPERIS* STATUS ON APPEAL** |
| Defendants. | |

On November 21, 2012, the court granted *pro se* Plaintiff Anthony A. Perry's application for leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. [Docket No. 9.] Plaintiff's amended complaint was due by December 10, 2012. Plaintiff sought, and was granted, two extensions of time in which to file his amended complaint, (*see* Docket Nos. 13, 15), but did not file an amended complaint. On February 7, 2013, the court issued an order to show cause why this matter should not be dismissed for failure to prosecute. [Docket No. 16.]

In his February 19, 2013 response to the order to show cause, (*see* Docket No. 18), Plaintiff did not explain why he did not file a timely amended complaint, nor did he attempt to file an amended complaint. Instead of addressing the defects in his Complaint, Plaintiff discussed

//

//

additional alleged harms that he claimed to have experienced since February 8, 2013.[1] The additional alleged harms were deficient, as Plaintiff again failed to name the individuals responsible for violating his constitutional rights and failed to allege the specific constitutional rights he claims were violated. Given Plaintiff's failure to file an amended complaint, despite the court having given him ample opportunities to do so, the court dismissed Plaintiff's Complaint for failure to prosecute on February 25, 2013. [Docket No. 19.] Plaintiff has appealed from that order, and the Ninth Circuit has referred the matter to this court for the limited purpose of determining whether Plaintiff's *in forma pauperis* status should continue for the appeal. [Docket No. 22.]

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This section is generally construed to mean that an appeal must not be frivolous. *See, e.g., Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that the term "'good faith' . . . must be judged by an objective standard" and is demonstrated when appellant seeks review "of any issue not frivolous"); *Ellis v. United States*, 356 U.S. 674, 674 (1958) (noting that "[i]n the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous"); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole").

Having reviewed this matter, the court concludes there are no valid grounds on which to base an appeal. Accordingly, the court certifies that Plaintiff's appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and revokes his *in forma pauperis* status.

The Clerk of the Court is directed to serve a copy of this order on Plaintiff and the Ninth Circuit.

---

[1] In his statement in response to the court's order to show cause, Plaintiff alleged additional incidents of apparent surveillance, including a February 8, 2013 incident involving unidentified "police agents" sitting next to Plaintiff at a restaurant and a subsequent incident where a police car was parked next to Plaintiff's car while he was at a Starbucks. (Pl.'s Statement at 2-3.)

2


IT IS SO ORDERED.

Dated: April 15, 2013



_____  
DONNA M. RYU  
United States Magistrate Judge

**United States District Court**
For the Northern District of California